# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 3:98CR00033 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ROHAN WILSON TEAGNE**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question presently before the court is whether the defendant should receive a reduction of his sentence pursuant to the Sentencing Commission's retroactive application of the reduced crack cocaine guidelines.

I

The defendant, Rohan Wilson Teagne, was convicted of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007), and using or possessing a firearm in the commission of a felony, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007). He was sentenced by this court on October 25, 1998. Under the sentencing guidelines, the defendant's

Total Offense Level was 26 with a Criminal History Category of I, resulting in an imprisonment range of 63 to 78 months. This court sentenced the defendant to 66 months incarceration, to run consecutively with the 60 months incarceration on the § 924(c) count, together with four years of supervision following his release from prison.

Effective November 1, 2007, the U.S. Sentencing Commission amended the Drug Quantity Table at USSG § 2D1.1 so that crack cocaine quantities were generally lowered by two levels. *See* USSG app. C, amends. 706, 711 (Supp. 2007). Under the amended guidelines, the defendant would have a Total Offense Level of 24, resulting in an imprisonment range of 60 to 63 months.[1]

On February 15, 2008, pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000) and USSG § 1B1.10 (Supp. effective Mar. 3, 2008), the defendant filed a Motion to Reduce Sentence. On February 22, 2008, I notified the parties that I was contemplating reducing the defendant's sentence to time served.[2] The government

---

[1] The actual range for a Total Offense Level of 24 and a Criminal History Category of I is 51 to 63 months. Congress, however, has mandated that offenses involving at least five grams of crack cocaine be punished by a minimum of five years. 21 U.S.C.A. § 841(b)(1)(B)(iii) (West 1999 & Supp. 2007).

[2] Because the Bureau of Prisons indicates that the defendant's current projected release date is July 20, 2008, upon reduction of his sentence he will be entitled to immediate release. The Bureau of Prisons has requested that any reduction in an inmate's sentence under 18 U.S.C.A. § 3582(c)(2) resulting in immediate release be stayed for a period of ten days in order to allow it to perform its pre-release public safety obligations. *See* Letter from

objected to any reduction in sentence for the defendant, and the defendant has responded. For the reasons following, I will overrule the government's objections and grant the reduction as proposed.

II

The Sentencing Commission's policy statement provides that in determining whether a reduction should be granted under § 3582(c)(2), and the extent of such a reduction, the court must consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), as well as the danger to any person or the community, and the court may consider the post-sentencing conduct of the defendant. USSG § 1B1.10 cmt. n.1(B).

The government's objection to the reduction of the defendant's sentence emphasizes the conduct underlying the present convictions, including the amount of crack cocaine for which the defendant was held responsible, that the defendant fled from and fought with police officers attempting to apprehend him, and that the defendant was carrying a firearm at the time he was arrested.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The Total Offense Level takes into account the amount of crack cocaine for

---

Director of Bureau of Prisons to Chair of Committee on Criminal Law (Feb. 13, 2008).

which a defendant was responsible and whether the defendant obstructed justice. The Presentence Investigation Report submitted to this court on July 24, 1998, noted that the defendant had fled from arresting officers and assaulted them. Nevertheless, the probation officer did not recommend an enhancement for obstructing justice, and this court adopted the factual findings and guideline range recommended by the probation officer at the original sentencing.

Furthermore, not only is the defendant's total offense level determined by reference to the amount of crack cocaine for which the defendant was responsible, but the bottom of the resulting guideline range has been increased to account for the fact that 21 U.S.C.A. § 841(b)(1)(B)(iii) mandates a minimum term of 60 months.

Finally, the defendant was convicted of violating 18 U.S.C.A. § 924(c) and was ordered to serve an additional 60 months—to be served consecutively—for carrying a firearm while committing a felony.

III

In accord with 18 U.S.C.A. § 3582(c)(2), 18 U.S.C.A. § 3553(a), and USSG § 1B1.10, I will reduce the defendant's sentence to time served. All other terms of the original sentence, including length of supervised release, conditions of supervised release, and monetary penalties will remain unchanged.

- 4 -

It is so **ORDERED**.

                                  ENTER: March 7, 2008

                                  /s/ JAMES P. JONES
                                  Chief United States District Judge